**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109139

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDERSON VIEIRA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CREDENCE RESOURCE MANAGEMENT LLC,<br>and BAY AREA CREDIT SERVICE INC.<br><br>　　　　　Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

　　　　ANDERSON VIEIRA (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against CREDENCE RESOURCE MANAGEMENT LLC (hereinafter referred to as "CRM") and BAY AREA CREDIT SERVICE INC. (hereinafter referred to as "BAY") (collectively referred to as "*Defendants*"), as follows:

### INTRODUCTION

　　　　1.　　This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and New York General Business Law ("NYGBL") § 349.

### JURISDICTION AND VENUE

　　　　2.　　This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, CRM's principal place of business is located in Norcross, Georgia.

8. On information and belief, BAY's principal place of business is located in Atlanta, Georgia.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's alleged debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debts, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debts.

13. At a time known only to Defendants, Plaintiff's alleged debt was assigned or otherwise transferred to Defendants for collection.

14. In its efforts to collect the alleged debt, CRM contacted Plaintiff by written letters dated February 10, 2015, and April 1, 2015. ("Exhibit 1.")

15. In its efforts to collect the alleged debt, BAY contacted Plaintiff by written letter dated August 14, 2014. ("Exhibit 1.")

16. Defendants' written correspondence to Plaintiff are "communications" as defined

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

by 15 U.S.C. § 1692a(2).

17. As set forth in the following Counts, Defendants' communications violated the FDCPA and NYGBL.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692f
### As to CRM

18. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

19. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

20. 15 U.S.C. § 1692f(8) limits the language and symbols that a debt collector may place on envelopes it sends to consumers.

21. 15 U.S.C. § 1692f(8) prohibits a debt collector from using any language or symbols on the envelope, other than the debt collector's address, when communicating with a consumer by mail, except that a debt collector may place its business name on the envelope if such name does not indicate that the debt collector is in the debt collection business.

22. 15 U.S.C. § 1692f(8)'s prohibition applies to language and symbols both on the envelope, and language and symbols visible through any glassine window of the envelope. *See, Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir 2014).

23. CRM used language other than CRM's address and business name, on the envelope it sent to Plaintiff.

24. CRM has violated § 1692f by using language other than CRM's address and business name, on the envelope it sent to Plaintiff.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692f
### Unlawful Fee
### As to CRM

25. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

26. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

27. §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

agreement creating the debt or permitted by law.

28. CRM charges a "convenience fee" for payments made.

29. Such convenience fee is neither expressly authorized by the agreement creating the debt, nor permitted by law

30. CRM has violated § 1692f by charging a convenience fee.

## THIRD COUNT
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations
## As To CRM

31. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

32. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

33. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

34. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

35. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

36. CRM violated § 1692e by making a false representation that it is entitled to receive compensation for payment via a convenience fee.

37. The least sophisticated consumer would likely be deceived by the convenience fee language into believing that CRM was legally entitled to collect the fee.

38. The least sophisticated consumer would likely be deceived in a material way by CRM's conduct.

39. CRM has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## FOURTH COUNT
## Violation of 15 U.S.C. § 1692f
## As to BAY

40. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

41. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

means to collect or attempt to collect any debt.

42. 15 U.S.C. § 1692f(8) limits the language and symbols that a debt collector may place on envelopes it sends to consumers.

43. 15 U.S.C. § 1692f(8) prohibits a debt collector from using any language or symbols on the envelope, other than the debt collector's address, when communicating with a consumer by mail, except that a debt collector may place its business name on the envelope if such name does not indicate that the debt collector is in the debt collection business.

44. 15 U.S.C. § 1692f(8)'s prohibition applies to language and symbols both on the envelope, and language and symbols visible through any glassine window of the envelope. *See, Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir 2014).

45. BAY used language other than BAY's address and business name, on the envelope it sent to Plaintiff.

46. BAY has violated § 1692f by using language other than BAY's address and business name, on the envelope it sent to Plaintiff.

### FIFTH COUNT
### Violation of 15 U.S.C. § 1692f
### Unlawful Fee
### As to BAY

47. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

48. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

49. §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

50. BAY charges a "convenience fee" for payments made.

51. Such convenience fee is neither expressly authorized by the agreement creating the debt, nor permitted by law

52. BAY has violated § 1692f by charging a convenience fee.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## SIXTH COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations
### As to BAY

53. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

54. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

55. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

56. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

57. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

58. BAY violated § 1692e by making a false representation that it is entitled to receive compensation for payment via a convenience fee.

59. The least sophisticated consumer would likely be deceived by the convenience fee language into believing that BAY was legally entitled to collect the fee.

60. The least sophisticated consumer would likely be deceived in a material way by BAY's conduct.

61. BAY has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## SEVENTH COUNT
### Violation of 15 U.S.C. § 1692e(11)
### As to BAY

62. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

63. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

64. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

65. 15 U.S.C. § 1692e(11) provides that it is a violation of the FDCPA to fail to disclose that the communication is from a debt collector.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

66. BAY's letter fails to disclose that the communication is from a debt collector.

67. BAY has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## EIGHTH COUNT
### Violation of New York General Business Law §349
### As to Both Defendants

68. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

69. Defendants owed a duty to Plaintiff to effect their collection of Plaintiff's alleged debts with reasonable care.

70. Defendants' improper attempt to collect a convenience fee shows a lack of exercise of reasonable care in Defendants' collection of the alleged debt.

71. Defendants breached its duty to collect Plaintiff's alleged debt with reasonable care.

72. Defendants' conduct was committed by Defendants in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

73. Defendants' conduct was consumer-orientated in that the letter was sent in an effort to collect an alleged consumer debt.

74. Defendants' conduct has a broader impact on consumers at large as, upon information and belief, Defendants has sent the subject form letter to hundreds of consumers.

75. Plaintiff is a reasonable consumer.

76. Defendants' conduct would mislead a reasonable consumer. Defendants engaged in a material deceptive act or practice as described herein.

77. Defendants' conduct caused plaintiff to suffer injury.

78. Defendants violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**NINTH COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**
**As to CRM**

79. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

80. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

81. The written notice must contain the amount of the debt.

82. The written notice must contain the name of the creditor to whom the debt is owed.

83. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

84. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

85. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

86. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

87. Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

88. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

89. CRM included in its letter to Plaintiff certain writing in Spanish.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

8

90. The inclusion of Spanish in the letter would likely make the least sophisticated consumer uncertain as to her rights.

91. The inclusion of Spanish in the letter would likely make the least sophisticated consumer confused as to her rights.

92. CRM has violated § 1692g as the inclusion of Spanish in the letter overshadows the information required to be provided by that Section.

## JURY DEMAND

93. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 against CRM pursuant to 15 U.S.C. § 1692k; and statutory damages of $1,000.00 against BAY pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Damages against Defendants pursuant to NYGBL § 349; and

d. Plaintiff's actual damages; and

e. Plaintiff's costs; all together with

f. Such other relief that the Court determines is just and proper.

DATED: June 17, 2015

        **BARSHAY SANDERS, PLLC**

        By: _/s/ Craig B. Sanders_____
        BARSHAY SANDERS, PLLC
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        csanders@barshaysanders.com
        *Attorneys for Plaintiff*
        Our File No.: 109139

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530